UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KEVIN JEFFERSON,

                      Plaintiff,

        -against-

EDWARD ROSE, Police Officer, Shield
No. 5098; POLICE OFFICER CRONIN; JOHN
DOE, Patrol Unit 314; BARRY BOE, Patrol
Unit 323A; FREDDY FOE, Patrol Unit 232A;
GREGORY GOE, Patrol Unit; COUNTY OF
SUFFOLK,

                      Defendants.
----------------------------------------X

MEMORANDUM & ORDER
12-CV-1334(JS)(ARL)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ APR 23 2012 ★

LONG ISLAND OFFICE

APPEARANCES
For Plaintiff:          Kevin Jefferson, pro se
                    P.O. Box 1469
                    Riverhead, NY 11901

For Named Defendants:   Susan A. Flynn, Esq.
                    Suffolk County Attorney's Office
                    P.O. Box 6100
                    Hauppauge, NY 11788

SEYBERT, District Judge:

        Pending before the Court is pro se Plaintiff Kevin Jefferson's ("Plaintiff") motion for a preliminary injunction. For the following reasons, Plaintiff's motion is GRANTED.

BACKGROUND

I.   Legal Framework

        New York Penal Law § 240.35(1) (the "Statute") provides that a person is guilty of loitering if he "[l]oiters, remains or wanders about in a public place for the purpose of begging." In 1990, a number of homeless individuals who begged

on the streets and in the parks of New York City (the "City") brought a class action lawsuit against the City in the United States District Court for the Southern District of New York asserting that the Statute infringed on their rights under the First Amendment. See Loper v. N.Y.C. Police Dep't, 802 F. Supp. 1029, 1032-34 (S.D.N.Y. 1992), aff'd, 999 F.2d 699 (2d Cir. 1993). The plaintiffs in Loper had never been arrested or received a summons for begging, but the police frequently ordered them to stop begging and move along. Id. at 1033. Nonetheless, in 1992, the court declared the Statute unconstitutional, granted summary judgment in favor of plaintiffs, and permanently enjoined the defendants from enforcing the Statute. Id. at 1047-48 ("While the Government has a valid interest in preventing fraud, preserving public order, and protecting and promoting the interests of audiences and bystanders, the interest in permitting free speech and the message begging sends about our society predominates. Section 240.35(1) is therefore unconstitutional under the First Amendment to the United States Constitution, as applied to the states."). This decision was affirmed by the Second Circuit. See Loper v. N.Y.C. Police Dep't, 999 F.2d 699 (2d Cir. 1993).

Notwithstanding the injunction, the enforcement of the Statute continued unabated. See Casale v. Kelly, 710 F. Supp. 2d 347, 352-53 (S.D.N.Y. 2010); Brown v. Kelly, 05-CV-5442, 2007

2

WL 1573957, at *1 (S.D.N.Y. May 31, 2007).   In 2005, another class action lawsuit was commenced in the Southern District of New York seeking relief against New York City and State defendants for unlawfully enforcing the Statute.   Brown v. Kelly, 05-CV-5442 (S.D.N.Y.).   Although the defendants in that action entered into a stipulation "so-ordered" by the court aimed at preventing future enforcement of the Statute, their efforts to stop its enforcement were minimal at best and largely unsuccessful.   See Casale, 710 F. Supp. 2d at 353-59.   After years of litigation, the court ultimately held the defendants in contempt for their continued enforcement of the Statute:

> Given the City's long history of non-compliance and routine apathetic attitude towards ending the illegal enforcement, the City has demonstrated that nothing less than the prospective threat of immediate and severe consequences will motive it to comply with the Court's Orders.   The City is therefore prospectively fined for each future violation of the Orders, payable to the Court.   To ensure compliance in the long term, the fine shall grow progressively. The fine shall begin at $500 per incident of enforcement.   Every three months thereafter, the fine shall increase by $500.   The maximum fine shall be $5,000 per incident of enforcement.

Id. at 364.

In June 2010, the Appellate Term of the New York State Supreme Court "agree[d] that Penal Law § 240.35(1) is unconstitutional because it violates the freedom-of-speech

guarantee of the First Amendment," <u>People v. Hoffstead</u>, 28 Misc. 3d 16, 18, 905 N.Y.S.2d 736, 738 (App. Term 2010), and a month later, the New York State Legislature repealed the Statute effective immediately, 2010 N.Y. Sess. Laws, Ch. 232, § 1, eff. July 30, 2010.

II.   <u>Factual Background</u>

On March 14, 2012,[1] at approximately 2:30AM, Plaintiff was arrested at or around 107 Main Street in Bay Shore, New York for loitering for the purpose of begging.  (Compl. ¶¶ 1, 29.) The Violation Information, signed by the arresting officer, charged Plaintiff with violating N.Y. PENAL LAW § 240.35(1), and stated as follows:

> The defendant, at 107 Main Street, Bay Shore, in the town of Islip, Suffolk County, New York, on or about March 14, 2012, at approximately 1:42AM, did loiter in a public place for the purpose of begging; in that the defendant was personally observed by your deponent leaning into a vehicle window stopped at the McDonalds drive thru and begging customers for money following a 911 call to that location complaining of the same.

Plaintiff asserts that he was held overnight and arraigned the following morning for violating the Statute.

---

[1] The Complaint asserts that Plaintiff was arrested on March 15, 2012, however the Violation Information signed by the arresting officer indicates that the incident took place on March 14.  At this stage of the litigation, this inconsistency is irrelevant.

4

Plaintiff commenced this action pro se on March 16, 2012 against the arresting officer, Edward Rose, the other unidentified officers involved, and Suffolk County (collectively, the "Defendants"), asserting claims under the First, Fourth, and Fourteenth Amendments to the United States Constitution and various laws of the State of New York. Plaintiff simultaneously filed an application for a temporary restraining order and preliminary injunction enjoining Defendants and the Suffolk County Police Department from continuing to enforce the Statute. The Court denied Plaintiff's ex parte request for a temporary restraining order and scheduled a hearing on the preliminary injunction for March 26, 2012.[2]

Rather than consent to the entry of an order barring the enforcement of the now-repealed unconstitutional Statute, Defendants appeared for the hearing and opposed the entry of such an order--arguing that the pro se plaintiff failed to satisfy his burden. Defendants advised the Court that the charges against Plaintiff for violating the statute were dismissed. The Court, after hearing argument from both sides, reserved judgment stating that a written decision would follow.

---

[2] Between the date of his arrest and the preliminary injunction hearing, Plaintiff asserts that Suffolk County police officers in the Third and Fifth precincts threatened to arrest him for panhandling.

DISCUSSION

I.  Standard of Review

In order to justify a preliminary injunction, a movant must demonstrate: 1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor, and 3) that the public's interest weighs in favor of granting an injunction.  Metropolitan Taxicab Bd. of Trade v. City of N.Y., 615 F.3d 152, 156 (2d Cir. 2010).

II. Likelihood of Success on the Merits

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must show that: (1) the challenged action occurred "under color of state law" and (2) the action deprived Plaintiff of a constitutional right.  West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  In the present case, it is undisputed that Defendants were acting under color of law:  they arrived on the scene in uniform in marked patrol cars and proceeded to arrest Plaintiff.

The second issue is whether Plaintiff has alleged a constitutional deprivation.  The Court reads the Complaint broadly to assert the following claims for relief:  (1) false arrest and imprisonment, under both the Fourth Amendment and New York state law, (2) violation of Plaintiff's right to free

6

speech under the First Amendment, and (3) a § 1983 conspiracy claim.   The Court will now address Plaintiff's likelihood of success on the merits on each of his claims individually.

   A.   False Arrest

      To succeed on a claim for false arrest and imprisonment,[3] Plaintiff must show that "'(1) the defendant[s] intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'"   Jocks, 316 F.3d at 134-35 (quoting Broughton v. State, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975)); see also Weyant, 101 F.3d at 852 ("Under New York law, a plaintiff claiming false arrest must show, inter alia, that the defendant intentionally confined him without his consent and without justification.").

      The Court finds that Plaintiff is likely to succeed on the merits:   He was arrested, allegedly pursuant to a widespread practice of the Suffolk County Police Department, for violating a section of the New York Penal Law that was repealed almost two

---

[3] The Second Circuit has consistently held that "[a] § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks and citations omitted); accord Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003).

years ago and declared unconstitutional almost twenty years ago. Defendants do not dispute this.

    B.   First Amendment

         "'To recover on a first amendment claim under § 1983, a plaintiff must demonstrate that his conduct is deserving of first amendment protection and that the defendants' conduct of harassment was motivated by or substantially caused by his exercise of free speech.'" Rattner v. Netburn, 930 F.2d 204, 208 (2d Cir. 1991) (quoting Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987)); see also People for the Ethical Treatment of Animals v. Out Front Prods. L.L.C., No. 03-CV-6312T, 2006 WL 839442, at *7 (W.D.N.Y. Mar. 29, 2006) ("To state a claim for a violation of its First Amendment rights to freedom of speech, plaintiffs [sic] would have to establish that absent a legitimate reason, a governmental entity, or a party cloaked with governmental power, restricted or attempted to restrict speech based on its content." (citing Peck ex rel. Peck v. Baldwinsville Cent. Sch. Dist., 426 F.3d 617, 626 (2d Cir. 2005)).

         The Court finds that Plaintiff is likely to succeed on the merits of this claim as well.  Both state and federal courts in New York have recognized that begging or panhandling, as Plaintiff was doing in the present case, is constitutionally protected speech.  See Loper, 999 F.2d at 704 (2d Cir. 1993)

("[T]he presence of an unkempt and disheveled person holding out his or her hand or a cup to receive a donation itself conveys a message of need for support and assistance. We see little difference between those who solicit for organized charities and those who solicit for themselves in regard to the message conveyed. The former are communicating the needs of others while the latter are communicating their personal needs. Both solicit the charity of others. This distinction is not significant for First Amendment purposes."), aff'g 802 F. Supp. 1029 (S.D.N.Y. 1992); Hoffstead, 28 Misc. 3d at 18-20, 905 N.Y.S.2d at 737-38; Casale, 710 F. Supp. 2d at 352; Brown v. Kelly, 2007 WL 1573957, at *1. Further, Defendants arrested Plaintiff for violating the now-repealed Statute, presumably to stop Plaintiff from panhandling. Accordingly, the Court finds that Plaintiff is likely to succeed on the merits of his First Amendment claim.[4] Defendants do not dispute this.

---

[4] Plaintiff also appears to be asserting a First Amendment retaliation claim. To succeed on a claim for retaliation in violation of the First Amendment, Plaintiff must show that: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (citing Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998)). While, as discussed above, Plaintiff is likely to succeed in proving the first two elements, the Court finds that Plaintiff is not likely to succeed in establishing the chilling effects of Defendants' actions. "Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First

C.   Section 1983 Conspiracy

Plaintiff also appears to assert a Section 1983 conspiracy claim against Defendants--*i.e.*, that Defendants conspired to violate his constitutional rights.   The Court, however, finds that Plaintiff's claim is barred by the intra-corporate conspiracy doctrine which "posits that the officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other."   Daniel v. Long Island Hous. P'ship, Inc., No. 08-CV-1455, 2009 WL 702209, at *9 (E.D.N.Y. Mar. 13, 2009) (citations omitted).

III. Irreparable Harm

"To satisfy the irreparable harm requirement, Plaintiff[] must demonstrate that absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."   Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks and citation omitted).

Defendants argue that since the charges against Plaintiff have been dismissed, he is not currently facing any

Amendment right to free speech," id.; and, here, Plaintiff admits that he will continue to panhandle notwithstanding Defendants' threats of arrest (Pl. TRO/PI App. 4).

"irreparable harm." (Flynn Aff. ¶ 7.) The Court disagrees. Even threats of arrest or being told to "move along" by the police violate Plaintiff's rights and constitute actual injury. See Loper, 802 F. Supp. at 1034 ("Even though this precinct formally prosecutes people under the Statute rarely, the Statute is used by the Department as a source of authority for restricting the Plaintiffs' assumed rights. As such, the Plaintiffs have suffered a concrete injury.").

Defendants further argue that Plaintiff's claim that he is "at risk" of further arrest is too speculative to warrant injunctive relief. (Flynn Aff. ¶ 9.) The Court again disagrees. At the hearing, Plaintiff asserted that between his arrest on March 15, 2012 and the hearing on March 26, 2012, he was threatened with arrest for panhandling by the Suffolk County Police three times in two separate precincts. Since Plaintiff continues to beg, and Defendants continue to enforce (or attempt to enforce) the ban on panhandling, "the threat of injury to the Plaintiff[] is real." Id. at 1035-36 (citing United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 699, 688-89, 93 S. Ct. 2405, 37 L. Ed. 2d 254 (1973)).

Finally, Defendants argue that any injury to the Plaintiff is not irreparable because he can seek and obtain monetary damages in this action. This is also incorrect. "Where a plaintiff alleges an injury from a rule or regulation

11

that directly limits speech, the irreparable nature of the harm may be presumed." <u>Bronx Household of Faith v. Bd. of Educ.</u>, 331 F.3d 342, 349 (2d Cir. 2003); <u>see also</u> <u>Elrod v. Burns</u>, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) ("The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury.").

Accordingly, the Court finds that Plaintiff is entitled to a preliminary injunction.

IV.   <u>Scope of the Requested Preliminary Injunction</u>

Plaintiff asks the Court to issue an order "enjoining the Suffolk County Police Department from enforcing the now repealed statute (Penal Law 240.35[1]) that prohibited loitering in public places for the purposes of begging" during the pendency of this action. (Pl. TRO/PI App. 5.) Defendants argue that this proposed order is too broad because it is not limited specifically to Plaintiff and "[i]t is possible that there are currently ongoing prosecutions under the statute which arise out of arrests which took place prior to the repeal of the statute." (Flynn Aff. ¶ 14.) Thus, according to Defendants, the Court is required to abstain from interfering with such proceedings. The Court strongly disagrees.

"As the Supreme Court emphasized in <u>Younger v. Harris</u>, federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings. This

principle of abstention is grounded in interrelated principles of comity and federalism." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) (citations omitted). However, abstention is not required "when great and immediate irreparable harm may result, a state court is engaging in flagrantly unconstitutional acts, or statutes are being enforced in bad faith." Hansel v. Town Ct. of Springfield, 56 F.3d 391, 393 (2d Cir. 1995) (citing Younger v. Harris, 401 U.S. 37, 56, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). "Generally, such a showing can be made if the party bringing the state action can 'have no reasonable expectation of obtaining a favorable outcome.'" Brooklyn Inst. of Arts & Scis. v. City of N.Y., 64 F. Supp. 2d 184, 195 (E.D.N.Y. 1999) (quoting Cullen v. Fliegner, 18 F.3d 96, 103 (2d Cir. 1994)). "It can also be made, even if there is a reasonable expectation of success, if the state action 'has been brought to retaliate for or to deter constitutionally protected conduct.'" Id. (quoting Cullen, 18 F.3d at 103).

The Court finds that both such circumstances exist here. The Statute in question here was declared unconstitutional by the United States District Court for the Southern District of New York in 1992, Loper, 802 F. Supp. 1029, its unconstitutionality was affirmed by the Second Circuit in 1993, Loper, 999 F.2d 699, its unconstitutionality was

13

recognized by a New York State Supreme Court in June 2010, Hoffstead, 28 Misc. 3d 16, 905 N.Y.S.2d 736, and the New York State Legislature repealed the statute in July 2010.  As was the case with Plaintiff, any future arrests and prosecutions must be dismissed because the challenged conduct is no longer illegal, and any ongoing prosecutions must be dismissed (or else be vacated on appeal) because the statute was declared unconstitutional by both state and federal courts in New York. Accordingly, Defendants' argument is entirely without merit.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is GRANTED.  Defendants and the Suffolk County Police Department are hereby ENJOINED from:

(1) enforcing, or threatening or attempting to enforce, the now-repealed N.Y. PENAL LAW § 240.35(1) and

(2) arresting, threatening or attempting to arrest, anyone for loitering, remaining, or wandering about for the purpose of begging.

Plaintiff is warned, however, that Defendants are <u>not</u> enjoined from arresting individuals for violating other, valid sections of the Penal Law while panhandling.  <u>See, e.g.</u>, N.Y. PENAL LAW § 240.20 (disorderly conduct); N.Y. PENAL LAW § 240.26 (harassment in the second degree); N.Y. PENAL LAW § 140.05 (trespass).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

14

and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to send a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    April ___23___, 2012
          Central Islip, NY

15