```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KEVIN L. JEFFERSON,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           12-CV-1334(JS)(ARL)

EDWARD ROSE, Police Officer, Shield No.
5096, JOHN DOE PATROL UNIT 314, BARRY
BOE, Patrol Unit 323A Driver, FREDDY
FOE, Patrol Unit 323A Passenger, JERRY
JOE, Patrol Unit 3-10, COUNTY OF
SUFFOLK, DANIEL G. KOENIG, P.O. CONYE,
EDWARD WEBBER, and SUFFOLK COUNTY
POLICE DEPARTMENT,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Kevin L. Jefferson, pro se
                    c/o Beatrice Milton
                    294 Lake Point Drive
                    Middle Island, NY 11953

For Defendant:      Brian C. Mitchell, Esq.
                    Suffolk County Attorney's Office
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

       Pending before the Court are: (1) Defendants Police Officer Edward Rose, Daniel G. Koenig, Police Officer Conye, Edward Webber, the County of Suffolk, and the Suffolk County Police Department's (collectively, "Defendants") November 15, 2017 letter motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Defs.' Mot. to Dismiss, Docket Entry 58); and (2) Magistrate Judge Arlene R. Lindsay's

Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss. (R&R, Docket Entry 63, at 1, 5-6.) For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

On March 16, 2012, pro se Plaintiff Kevin Jefferson ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 alleging that Police Officers Rose and Cronin[1] and various other defendants violated his constitutional rights. (See generally Compl., Docket Entry 1.) Following the entry of a preliminary injunction in his favor, Plaintiff amended his Complaint on May 10, 2012 and named the County of Suffolk as a defendant. (Apr. 23, 2012 Order, Docket Entry 16; Am. Compl., Docket Entry 17.) On April 23, 2013, Plaintiff filed an additional action against Police Officer Conye, Edward Webber, the Suffolk County Police Department, and the County of Suffolk, again alleging violations of his civil rights. (R&R at 1; see Docket No. 13-CV-2454.) The two cases were consolidated and the Jefferson v. Conye matter was closed pursuant to this Court's May 10, 2013 Order. (May 10, 2013 Order, Docket Entry 27.)

---

[1] Police Officer Cronin was a fictitious name, (Compl. ¶ 5), and on April 10, 2015, he was terminated as a defendant and replaced with Police Officer Koenig. (Apr. 10, 2015 Minute Order, Docket Entry 47.)

2

On November 15, 2017, Defendants filed a motion to dismiss for failure to prosecute based on Plaintiff's non-compliance with court orders. (Defs.' Mot. to Dismiss.) On November 27, 2017, Judge Lindsay issued her R&R. (See generally R&R.)

## THE R&R

In her R&R, Judge Lindsay recommended that this Court grant Defendants' motion to dismiss. (R&R at 1, 5-6.) She found that "[d]espite being repeatedly advised by both the Court and defense counsel that he was required to comply with court ordered deadlines, [Plaintiff] has chosen over the last 5 years to proceed in this matter whenever it strikes him." (R&R at 5.) Judge Lindsay also determined that "no sanction less than dismissal will alleviate the prejudice to [D]efendants in keeping the case open for five years to say nothing of the need to alleviate court congestion where [Plaintiff] has ignored almost every order issued by this Court." (R&R at 5.) She concluded that Plaintiff's failures to comply with court orders warrant dismissal of his case. (R&R at 5-6.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court

3

need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, Judge Lindsay's R&R (Docket Entry 63) is ADOPTED in its entirety. Defendants' motion to dismiss this case (Docket Entry 58) is GRANTED. The Clerk of the Court is directed to enter judgment accordingly and mark the case CLOSED. The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  17 , 2018
       Central Islip, New York